IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON D. HARRIS | ) | CASE NO.: |
| 25701 Lakeshore Blvd #212W | ) | |
| Euclid, Ohio 44132 | ) | JUDGE: |
| | ) | |
| | ) | **COMPLAINT FOR DAMAGES** |
| Plaintiff, | ) | |
| | ) | (JURY DEMAND ENDORSED HEREIN) |
| v. | ) | |
| | ) | |
| INTELLICORP RECORDS, INC. | ) | |
| c/o Corporation Service Company | ) | |
| 50 West Broad Street, Suite 1330 | ) | |
| Columbus, OH 43215 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Shannon Harris, by and through the undersigned, as his Complaint against Defendant states and avers the following:

## PARTIES AND VENUE

1. Plaintiff Shannon Harris is a resident of Euclid, County of Cuyahoga, and State of Ohio.

2. Harris is a former employee of IntelliCorp Records, Inc. ("IntelliCorp").

3. Defendant IntelliCorp is a Delaware Corporation with its principal place of business at 3000 Auburn Drive, Beachwood Ohio, 44122.

4. IntelliCorp transacts business in Ohio.

5. At all times material herein, IntelliCorp was Harris' employer pursuant to 29 U.S.C. § 203(d).

6. At all times material herein, IntelliCorp was Harris' employer for the purposes of Ohio Rev. Code § 4112.01(A)(2).

7. IntelliCorp is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation of common control for a common business purpose,

and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

8. IntelliCorp is and, at all times material herein, was an enterprise engaged in commerce or in the production of goods for commerce.

9. IntelliCorp has and, at all times material herein, had employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

10. IntelliCorp is and, at all times material herein, was an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

11. IntelliCorp is and, at all times material herein, was an enterprise whose annual gross volume of sales made or business done is not less than $150,000.

12. IntelliCorp is and, at all times material herein, was subject to the provisions of 29 U.S.C. § 207 and Ohio Rev. Code § 4111.03 requiring employers to compensate employees who work in excess of forty hours in one workweek at a rate of one and one-half times the employees' normal wage rate.

13. At all times material herein, Harris was an individually covered employee pursuant to 29 U.S.C. § 207(a)(1), in that he was engaged in commerce.

14. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Harris is alleging a federal law claim arising under the FLSA, 29 U.S.C. § 201, *et seq*.

15. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

16. The events giving rise to the claims made in this Complaint occurred in Cuyahoga County.

17. Venue is properly placed in the Unites States District Court for the Northern District of Ohio, Eastern Division, because it is the Court for the district, division, and county within which a substantial part of the events giving rise to this Complaint occurred.

18. This Court is a court of general jurisdiction over all subject matters of this Complaint and the claims presented herein.

## FACTS

19. In or around April 2013, Defendant hired Harris as a Researcher I through Hartman Personnel Services, a temporary agency.

20. Defendant hired Harris permanently as a Researcher I in July 2013.

21. Defendants promoted Harris to Researcher II in or around December 2015.

22. During his employment at IntelliCorp, Harris routinely worked in excess of forty hours per workweek.

23. Defendants knew that Harris routinely worked in excess of forty hours per workweek.

24. Harris was not given credit for the full number of overtime hours that he worked.

25. Harris was not compensated for one and one and one-half times his hourly wages for all overtime hours.

26. Harris was a non-exempt employee for the purposes of Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

27. Defendants' refusal to pay Harris time and one half for all hours worked beyond forty per workweek was in contravention of 29 U.S.C. § 207 and Ohio Rev. Code § 4111.03(A).

28. As a direct and proximate result of Defendant's refusal to pay him overtime wages, Harris suffered and will continue to suffer pecuniary harm.

29. In or around July of 2016, Kevin Horval became Harris' supervisor.

30. While Harris' supervisor, Horval made sexually charged statements to Harris.

31. Horval told Harris that he would "try anything once."

32. Harris understood the comment to mean that Horval would engage in same-sex sexual activity.

33. Horval made a comment to Harris that involved "business," "pleasure", and "taking risks" which Harris understood to be sexual innuendo.

34. Horval would stare at Harris while at work, giving Harris the impression that Horval was sexually fanaticizing about him.

35. In or around May of 2017, IntelliCorp manager Cheryl Whittington called Harris into her office because Harris was visibly upset.

36. In the May 2017 meeting, Harris told Whittington that he thought Horval wanted to have sexual relations with him.

37. In the May 2017 meeting, Harris told Whittington that the things Horval said, and the way Horval looked at him made him feel uncomfortable.

38. Approximately a week after the May 2017 meeting, Harris had a second meeting with Whittington and Human Resources ("HR").

39. HR investigated Harris' complaint of sexual harassment.

40. At the conclusion of their investigation, HR moved Harris from Horval's team to Julie Fantozzi's team.

41. Upon information and belief, Horval and Fantozzi have a personal relationship.

42. Immediately after Harris was moved to Fantozzi's team, IntelliCorp changed Harris' work hours to a time that was inconvenient for him.

43. Harris asked for the same work schedule he had prior to his complaint of sexual harassment, IntelliCorp refused.

44. Harris was allowed to take 4-5 smoke breaks per day prior to his complaint of sexual harassment.

45. After Harris complained he was told that he was only allowed to take 2 smoke breaks per day and that they had to be in a specified location.

46. After Harris complained, he was told that he had to email his supervisor every day when he arrived at work and when he left work for the day.

47. Upon information and belief, no other employee was required to email their supervisor every day when he or she arrived at work and when he or she left.

48. IntelliCorp employees do not use a timeclock to track time.

49. After Harris complained, he received his first write up for attendance.

50. Harris was not tardy any more frequently after his complaint than he was before.

51. Harris had never received any prior counseling or warning about attendance.

52. IntelliCorp terminated Harris for excessive tardiness in October 2017.

53. Harris was not excessively tardy.

54. Harris was actually terminated in retaliation for reporting sexual harassment.

## COUNT I: FAILURE TO PAY OVERTIME COMPENSATION

55. Harris restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

56. Harris worked over forty hours per workweek during his employment with Defendant.

57. Defendant did not pay Harris overtime wages for all hours worked over forty per workweek.

58. Pursuant to Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207, an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty in one workweek.

59.  Harris was a non-exempt employee for purposes of Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

60. As a direct and proximate result of Defendant's failure to pay Harris his lawfully earned overtime wages, Harris suffered damages.

61. Defendant willfully and/or intentionally violated Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

62. Defendant acted in bad faith in violating Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

63. As a direct and proximate result of Defendant's failure to pay Harris his lawfully earned overtime wages, pursuant to Ohio Rev. Code § 4111.10(A), Defendant is liable to Harris for the full amount of the overtime wage rate, as well as for costs and reasonable attorney's fees as may be allowed by the Court.

64. As a direct and proximate result of Defendant's failure to pay Harris his lawfully earned overtime wages, pursuant to 29 U.S.C. § 216(b), Defendant is liable to Harris for the full amount of the overtime wage rate, an additional equal amount as liquidated damages, as well as for costs and reasonable attorney's fees.

## COUNT II: FAILURE TO MAKE SEMIMONTHLY WAGE PAYMENTS IN VIOLATION OF R.C. § 4113.15

65. Harris restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

66. Pursuant to R.C. § 4113.15(A), "Every individual, firm, partnership, association, or corporation doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of

each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

67. Harris demanded that IntelliCorp pay his wages.

68. IntelliCorp refused to pay Harris his wages.

69. IntelliCorp's conduct violated R.C. § 4113.15.

70. As a direct and proximate result of IntelliCorp's conduct, pursuant to R.C. § 4113.15(B), IntelliCorp is liable to Harris for his unpaid wages, and an amount equal to six percent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

## COUNT III: RETALIATION

71. Harris incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

72. Defendant terminated Harris in retaliation for Harris' engagement in activity protected by R.C. § 4112.

73. Defendant's termination of Harris was in contravention of R.C. § 4112.

74. As a result of Defendant's unlawful conduct, Harris has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shannon Harris respectfully requests that this Honorable Court grant the following relief:

1.      An award against Defendant of damages to compensate Harris for back pay, front pay, overtime pay, liquidated damages, and other consequential damages, in an amount in excess of $25,000 per claim;

2.      An award of reasonable attorney's fees and costs as allowable and/or required

under law;

3.      Any award of other relief that this Court may deem necessary and proper.




Respectfully submitted,

*s/ Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)
Sobel, Wade & Mapley, LLC
2460 Fairmount Boulevard, Ste 314
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
Wade@swmlawfirm.com

*Attorney for Plaintiff Shannon Harris*

## **JURY DEMAND**

Plaintiff Shannon Harris demands a trial by jury by the maximum number of jurors permitted.

*s/ Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)